UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PHILIP A. BYARS,<br><br>                Plaintiff,<br><br>v.<br><br>U.S. GOVERNMENT, CENTRAL INTELLIGENCE AGENCY, NATIONAL SECURITY AGENCY,<br><br>                Defendants. | Case No. 1:14-CV-00316-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it two motions to dismiss filed on behalf of Defendants (Dkt. 4, 5), and a motion for default judgment filed by Plaintiff (Dkt. 8).[1] Plaintiff filed his complaint on August 4, 2014, and later amended his complaint on August 20, 2014, alleging he has suffered damages because Defendants have subjected him to "remote neural monitoring" without his consent. (Dkt. 1, 2.)

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 13.) *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

**MEMORANDUM DECISION AND ORDER - 1**

Pro se complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Therefore, because Plaintiff proceeds pro se, the Court will construe his pleadings liberally and afford him the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, despite such a liberal interpretation, Plaintiff's complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction for the reasons explained below.

## BACKGROUND

Plaintiff explains in his complaint that he is suing the United States Government, the National Security Administration, and the Central Intelligence Agency because, sometime in 1982 or 1983, Defendants subjected him to remote neural monitoring without his consent. Plaintiff claims he has suffered 19 million dollars in damages. Plaintiff further asserts he was subjected to monitoring because he has "psychic abilities."

Attached to Plaintiff's complaint is a psychological evaluation, completed on April 16, 2006, by Dr. Philip Tromptetter, who diagnosed Plaintiff at that time with paranoid schizophrenia. Am. Compl. at 27 (Dkt. 2-2 at 27.) Plaintiff apparently filed an administrative tort claim with the NSA on January 12, 2014, and with the CIA on January 28, 2014. (Am. Compl. at 2, 6.)[2] Plaintiff purports to assert a claim under the Fourth Amendment for false imprisonment, because he claims that, once "programmed," he cannot be released from monitoring.

---

[2] "A court may. . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**MEMORANDUM DECISION AND ORDER - 2**

## DISPOSITION

A complaint may be dismissed as frivolous if it is premised upon "fantastic or delusional scenarios," infringement of a legal interest that does not exist, or outlandish theories. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). "A finding of factual frivolousness is appropriate when the facts as alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Federal courts are without subject matter jurisdiction if the claims are "so attenuated and unsubstantial as to be absolutely devoid of merit," "obviously insubstantial," or "frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). However, a complaint may not be dismissed simply because the facts and allegations may be unlikely. *Denton*, 504 U.S. at 33.

Here, Plaintiff's claims are so bizarre and delusional that they are insubstantial, and this Court lacks subject matter jurisdiction over them. *See O'Brien v. United States Dep't of Justice*, 927 F. Supp. 382, 385 (D. Ariz.1995), *aff'd by* 76 F.3d 387 (9th Cir. 1996) (unpublished) (dismissing claim that various defendants, including the United States Department of Justice, had assaulted the plaintiff using electronic and satellite equipment, contaminated the plaintiff with germs, and conspired to dictate whom she should marry).

Because the Court lacks jurisdiction, the Court declines to address the substantive arguments made by Defendants that Plaintiff's claims are untimely under the Federal Tort Claims Act and that his claims are barred by the doctrine of sovereign immunity.

As for Plaintiff's motion for default judgment, it is not well taken. It appears from the record that a summons was issued to Defendants on August 20, 2014. Defendants appeared and timely filed their motions to dismiss on October 20, 2014, sixty days after service. Fed. R. Civ. P. 12(a)(2).[3] Plaintiff appears to assert that, because Defendants did not file an answer, default is appropriate. However, Fed. R. Civ. P. 12(b)(1) permits the defense of lack of subject matter jurisdiction to be asserted by a timely motion. In this case, Defendants' motion under Rule 12(b)(1) was timely.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)  Defendant's Motion to Dismiss (Dkt. 4) is **GRANTED**.

2)  Defendants' Motion to Dismiss (Dkt. 5) is **GRANTED.**

2)  Plaintiff's Motion for Default Judgment (Dkt. 8) is **DENIED**.

Dated: **December 23, 2014**

Honorable Candy W. Dale
United States Magistrate Judge

---

[3] There is actually no return of service in the record. To give Plaintiff the benefit of any doubt, the Court therefore assumes Plaintiff served Defendants on August 20, 2014, the date the summonses were issued. (Dkt. 3.) Fed. R. Civ. P. 12(a)(2) permits the United States to serve an answer within 60 days after service on the United States attorney.

**MEMORANDUM DECISION AND ORDER - 4**